UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| JAMES L. EWING,<br>    Petitioner,<br><br>V.<br><br>BUREAU OF PRISONS,<br>    Respondent. | Civil Action No. 7: 17-192-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate James Ewing has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In his petition, Ewing indicates that while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, in November 2016 he became seriously ill after eating food at the prison and was provided inadequate medical care. [R. 1 at 2-6] Ewing filed administrative remedies within the prison regarding his grievances, but they were rejected as untimely. [R. 1-1 at 3-8] Ewing also filed a request for administrative settlement pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), which the Bureau of Prisons denied in June 2017. [R. 1-1 at 1] Ewing seeks a judgment against the BOP for unspecified damages exceeding $75,000. [R. 1 at 2, 7]

The Court must deny Ewing's petition because his claims are not cognizable in a habeas corpus petition, but must be pursued by filing a complaint asserting claims under the civil rights laws or the FTCA. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Actions taken by prison

officials that do not affect the validity of the inmate's conviction or the duration of his sentence, but instead affect only the conditions of his confinement, may not be challenged in a habeas corpus proceeding. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

The Court must deny the petition without prejudice to Ewing's right to file a complaint asserting claims under the FTCA and/or *Bivens*. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). If he chooses to do so, Ewing must also file his complaint in the proper venue where the defendants reside and/or where the events at issue took place, both of which appear to be in Pennsylvania. 28 U.S.C. §§ 1391(b), 1402(b).

Accordingly, it is **ORDERED** as follows:

1. Ewing's petition for a writ of habeas corpus [R. 1] is **DENIED**.
2. The Court will enter a judgment contemporaneously with this order.
3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated January 3, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY